UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| IRA JEROME MOORE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CV415-219 |
| | ) | CR414-382 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

Following the transfer of Ira Jerome Moore's criminal case here from the Northern District of Iowa, CR414-382 doc. 1, this Court revoked his supervised release and re-sentenced him to 60 months. Doc. 14 (January 8, 2015 Judgment on Revocation). Moore thereafter elected *not* to appeal. Doc. 15 at 4 (Notice of Postconviction Consulation). Some eight months later, he filed this 28 U.S.C. § 2255 proceeding and challenged his *original* sentence under § 2255, alternatively under 28 U.S.C. § 2241. Doc. 23 at 3. He invoked *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). *Id.* at 1. The Magistrate Judge

recommended that his motion be denied.[1] Doc. 24. He reasoned, *inter alia*, that because Moore challenged his sentence, not its execution, he had to seek § 2255 relief in "the [Iowa] court which imposed the sentence." 28 U.S.C. § 2255(a).[2]

---

[1] Under the Armed Career Criminal Act (ACCA), "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" *Johnson*, 135 S. Ct. at 2555. The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that -- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Section § 924(e)(2)(B)(ii)'s last clause -- "or otherwise involves conduct that presents a serious potential risk of physical injury to another"-- has become known as the residual clause. *Johnson* held that it violates due process because it is unconstitutionally vague. *Id* at 2560 ("Invoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process.").

Without even telling this Court where he was sentenced, Moore wanted it to apply *Johnson* and § 2255's "savings clause" to afford him access to § 2241 and grant him an evidentiary hearing -- since he "may be serving an unconstitutional sentence" -- "in order to determine [the] appropriate course necessary to correct this error." Doc. 23 at 3. In other words, he wanted his original sentence vacated, or at least shortened.

[2] Moore did not use the Court-supplied § 2255 form, which asks defendants about their record and thus constrains them to reveal which court sentenced them (Moore did not do so here). Doc. 23. The Court uncovered his legal history online:

> Petitioner is a federal inmate serving a 210-month term of imprisonment which is to be followed by a 3-year term of supervised release following his convictions for conspiracy to commit bank robbery, attempted bank robbery, and interstate transportation of a stolen vehicle. Petitioner was arrested, tried, convicted and sentenced on these charges and his conviction was affirmed by the United States Court of Appeals for the Eighth Circuit in May,

This Court adopted the R&R, to which Moore had filed no Fed. R. Civ. P. 72(b) Objection. Doc. 29. Because Moore claimed he never received the R&R, docs. 30 & 31, the Court gave him another chance to object to it. Doc. 32. In his Objection, he now (without identifying what statutory remedy he seeks to invoke) shifts his attack to the supervised release revocation, claiming error in that process. Doc. 34.

But the time to appeal that ruling has long since passed. Moore had fourteen days to file a notice of appeal from the date that judgment was entered. Fed. R. App. P. 4 (b)(1)(A); *United States v. Goldman*, 2015 WL 4762746 at * 2 (D. Mass. Aug. 12, 2015). Again, he *elected* to file none. And "[w]e have long and consistently affirmed that a collateral challenge may not do service for an appeal." *Foster v.*

---

1999.

*Moore v. Holt*, 2012 WL 580172 at * 1 (M.D. Pa. Feb. 22, 2012).

A decade earlier, Moore litigated a § 2241 petition in the Northern District of Georgia, lost, and appealed. His appellate brief in that case validates the "habeas history" recounted by the *Holt* court: *Moore v. Willey*, 2002 WL 32163869 (11th Cir. Jan. 15, 2002) (from his appellate brief there, in raw, unedited form: "On September 24th., 1998, appellant appeared before the honorable Mark W. Bennett, U.S. District Court Judge, where he was sentenced to a term of 17½ years imprisonment and three years of supervised release."). *See also Moore v. Willey*, 35 F. App'x 856 (11th Cir. Apr. 9, 2002) (Judgment "Reversed in part; Vacated in part.").

3

*Chatman*, ___ U.S. ___, 2016 WL 2945233 at * 23 (May 23, 2016). His claim therefore is procedurally defaulted, and since he cites no cause or prejudice, *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004), his motion/petition[3] is **DENIED**.[4] Doc. 30.

**SO ORDERED**, this 29 day of June, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Moore remains incarcerated in South Carolina. Doc. 34 at 3. Normally, a § 2241 challenge to the execution (by the Bureau of Prisons) of his sentence would necessitate transfer of jurisdiction to South Carolina. *See Vance v. United States*, 476 F. App'x 234, 234 (11th Cir. 2012); *Paye v. United States*, 2007 WL 2177114 at * 1 (S.D. Ga. July 25, 2007). But Moore wants a *modification* of the supervised release sentence, which returns him to the sentencing court unless jurisdiction has been transferred. *See McReynolds v. Taylor*, 2014 WL 2932683 at * 2 (N.D. Fla. June 26, 2014); § 18 U.S.C. 3583(e)(2) (authorizing the sentencing court to impose and modify a term of supervised release); 18 U.S.C. § 3605 (authorizing a court to exercise jurisdiction over a person on supervised release if such jurisdiction has been transferred by the sentencing court). His case has not been transferred, so if Moore's latest claim can be said to travel under § 2241, this Court has jurisdiction. The same must be said for the § 2255 remedy, since this Court issued the revocation sentence now under attack.

[4] No Certificate of Appealability (COA) is needed to appeal the dismissal of a § 2241 petition. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n. 3 (11th Cir. 2003) (federal prisoners proceeding under section 2241 do not need a certificate of appealability to appeal); *Barley v. Ala. Dep't of Mental Health*, 2015 WL 4232241 at * 3 (N.D. Ala., July 13, 2015). To the extent this proceeding may be said to travelling under § 2255, no COA-worthy issue has been presented.